MARY A. RITTER et al., Respondents, *v.* JOHN W. WORTH, Appellant.

In an action of ejectment defendant claimed title to one of the lots in question under a comptroller's deed, which recited a sale of the lot for non-payment of taxes assessed as non-resident. Plaintiffs thereupon proved by the assessment rolls of the town for the years when, according to the comptroller's certificate of sale, it was returned as so assessed, that for those years it was assessed not as non-resident lands but to a former owner. *Held*, that this was such an irregularity as rendered the comptroller's sale and deed void. The general law as to the return of land to the comptroller, for the non-payment of taxes, is not changed as to the county of Kings by the act respecting the return of collector's warrants in said county. (Chap. 206, Laws of 1838.)

Defendant's answer alleged as to other lots, in substance, that they were purchased and paid for by him at a sale by a master in chancery; that he agreed with one W. (under whom plaintiffs claimed) to let him have the lots and take the master's deed direct to himself upon his paying the amount bid and expenses; that the master made out his deed to W. and delivered it to defendant, from whom W. obtained it by fraud, without payment and upon his promise to return it. The court upon the trial excluded evidence to sustain this defence. *Held* (GROVER, J., dissenting), error; that if the defence was established there was not a delivery of the deed to W., so as to vest the title in him.

Plaintiffs claimed as heirs at law of R. Defendant set up in his answer a prior suit, still pending, brought by plaintiffs, together with the widow of R., to recover possession of two of the lots in question, and offered evidence to prove the same, which was rejected. *Held*, error; that the

fact that R.'s widow was co-plaintiff in the former action was no obstacle to the recovery by them of their interest in the lots; and that proof of the former suit would abate this action as to the lots embraced therein, leaving it to proceed as to the other.

A certificate of acknowledgment to a deed stated that the identity of the person acknowledging was proved to the officer by a witness named, who, being sworn, stated his place of residence and that he knew the persons proposing to acknowledge to be the identical ones described in, and who executed the deed. *Held*, sufficient within the recording act (1 R. S., 758, § 9); that it was not necessary to state in the certificate that the officer had satisfactory evidence of the identity of the person acknowledging, and that the facts stated did show that he had such evidence.

*Ritter* v. *Worth*, 1 N. Y. S. C. (T. & C.), 406, reversed.

(Argued April 23, 1874; decided June 16, 1874.)

THIS was an action of ejectment to recover the possession of premises described as lots ten, twelve and twenty-four in block five in the county of Kings. (Reported below, 1 N. Y. S. C. [T. & C.], 406.)

The plaintiffs proved title in fee in John Ritter of lot twenty-four; that said Ritter died leaving Jane Ritter, his widow, and the plaintiffs, his only children and heirs at law. Defendant claimed title to said lot under a comptroller's deed dated January 2d, 1869, conveying the lot to him, which recited that the same had been returned for non-payment of taxes assessed thereon as non-resident and had been sold therefor. Plaintiffs introduced the comptroller's certificate of sale stating that the lot was returned as assessed and taxed as non-resident lands for the years 1857 and 1860. They then introduced the assessment rolls of the town for those years, in which it appeared that the lot was assessed to one John Oberkircher (a former owner) as owner, and taxed to him as such. *Held*, that the lot was not legally returned; that the act respecting the return of collector's warrants for the county of Kings (chap. 206, Laws of 1838) did not change the general law in respect to said county as to the return of lands to the comptroller; and that, therefore, the comptroller's deed was void, and a direction by the court of a verdict for plaintiffs as to said lot was proper.

Plaintiffs offered in evidence deeds to John Ritter of lots ten and twelve. These were objected to by defendant on the

ground that the acknowledgments did not show that the officer taking the acknowledgments knew, or had satisfactory evidence, that the persons making them were the grantors. (1 R. S., 758, § 9.) The certificates of the acknowledgments each stated, in substance, that the grantors (naming them) appeared before the officer and severally acknowledged the execution of the deed, and at the same time appeared a witness (named), to the officer known, who, being by him duly sworn, testified that he resided in the city and county of New York; that he knew "the parties before mentioned (the grantors) to be the individuals described in and whom he saw execute the within deed." The court overruled the objection and received the deed in evidence. *Held*, no error, on the ground above stated.

Defendant's answer, among other defences, alleged that lots ten and twelve were sold at auction, under and in pursuance of a decree in chancery by a master, and bid off by defendant, who paid the purchase-price and expenses; that defendant agreed with one Augustus Walters (under whom plaintiffs claimed) to let him have the lots on payment of the amount defendant had paid, and in consequence the master's deed was made out direct to Walters and delivered to defendant who, induced by false and fraudulent representations of Walters, allowed him to take the deed to show to his wife, he agreeing to return it and bring the money; that Walters, instead thereof, put it on record and soon thereafter absconded; that he never paid the purchase-money or had possession. Defendant offered evidence to sustain this defence; this was excluded by the court. *Held* (GROVER, J., dissenting), error, as above stated.

Defendant also alleged that, prior to the beginning of this action, plaintiffs, together with said Jane Walters, commenced an action in the Supreme Court to recover possession of said lots ten and twelve, which action was still pending undetermined. Evidence to sustain this defence was also excluded. *Held*, error, as above.

*S. W. Judson* for the appellant.

*G. D. Brower* for the respondents.

GROVER, J., reads for reversal and new trial.

All concur on the ground of error in rejecting evidence of former suit pending, and also hold the rejection of proof as to the delivery of deed to Walters error; disagreeing with opinion on this point.

Judgment reversed.