CHARLES F. HAHL et al., Respondents, v. BARBARA SUGO, Appellant.

1. CAUSE OF ACTION — WHERE BOTH LEGAL AND EQUITABLE RELIEF CAN BE HAD UPON A SINGLE CAUSE OF ACTION, SEPARATE ACTIONS THEREFOR CANNOT BE MAINTAINED.   An action to recover a strip of land, upon which the adjoining owner has unlawfully encroached with a brick wall, is founded upon a single wrong, and creates but one cause of action.   In such an action, brought under chapter 14, title 1, article 1, of the Code of Civil Procedure, the plaintiff may have all the relief, both legal and equitable, to which he is entitled, and he cannot maintain an action at law to prove his title and right to possession, and then bring a separate suit in equity to remove the encroachment.   Under sections 481 and 3339 of the Code of Civil Procedure, the plaintiff must join and plead in one action all the elements of his cause of action, upon which he seeks either legal or equitable relief, or both.

2. ACTION TO RECOVER POSSESSION OF REAL PROPERTY — WHEN JUDGMENT THEREIN A BAR TO SUBSEQUENT ACTION TO COMPEL REMOVAL OF ENCROACHMENT.   Where the plaintiff in such an action has obtained a judgment establishing his title and right of possession, but on account of his failure to allege facts entitling him to equitable relief and by his proceedings at the trial, without in any manner indicating his desire for such relief, has procured a naked legal judgment and collected the costs on an execution which is returned with the statement by the sheriff that it is impracticable for him to remove the encroachment, the judgment is a bar to a subsequent action to compel the removal of such encroachment, for the reason that he might have obtained such relief in the former action.

Hahl v. Sugo, 46 App. Div. 632, reversed.

(Argued October 28, 1901;  decided December 17, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 3, 1900, affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Fred D. Corey* for appellant. The judgment entered January 11, 1898, is a complete bar to a recovery in this action. (*Stowell* v. *Chamberlain*, 60 N. Y. 272; *Perry* v. *Dickerson*, 85 N. Y. 345; *Dawley* v. *Brown*, 79 N. Y. 390; *Smith* v. *Smith*, 79 N. Y. 634; *Dunham* v. *Bower*, 77 N. Y. 76; *Pray* v. *Hegeman*, 98 N. Y. 351; *Lorillard* v. *Clyde*, 122 N. Y. 41.) By the recovery in the former action, the plaintiffs are found to be the owners, not only of the strip of land, but of all permanent improvements and fixtures attached thereto; and having elected to make title to the strip of wall and eves resting upon the land recovered, they are estopped from obtaining the relief sought in this action. (*Coatsworth* v. *L. V. Ry. Co.*, 156 N. Y. 451; Tyler on Ejectment, 614; *Dawley* v. *Brown*, 79 N. Y. 390; *Barrows* v. *Kindred*, 4 Wall. 399; *De Lancey* v. *Piepgras*, 73 Hun, 607; 2 Kent's Comm. [13th ed.] 335; Sedg. & Wait on Title [2d ed.], 410; *Matter of L. I. R. R. Co.*, 6 T. & C. 298; *Matter of N. Y., W. S. & B. Ry. Co.*, 37 Hun, 317.) The judgment in the former action is enforceable by execution under section 1240 of the Code of Civil Procedure and not by an action brought upon that judgment, and it has been so enforced and satisfied, thus removing all cause for grievance. (S. & W. on Titles [2d ed.], 400; 30 Abb. [N. C.] 417; *Bowie* v. *Brahe*, 2 Abb. Pr. 161.) The plaintiffs wholly failed to make out a cause of action entitling them to injunctive relief. On the contrary, the undisputed proof establishes, as a matter of law, that the plaintiffs are not entitled to such relief. (*McSorley* v. *Gumprecht*, 30 Abb. [N. C.] 412; *Gallatin* v. *Oriental Bank*, 16 How. Pr. 253; *Thomas* v. *M. Mut. P. Union*, 121 N. Y. 45; *Pappenheim* v. *Met. El. Ry.*

*Co.*, 128 N. Y. 436; *Amerman* v. *Deane*, 132 N. Y. 355; *E. L. Assur. Soc.* v. *Brennan*, 30 Abb. [N. C.] 260; *Smith* v. *I.-S. R. D. Co.*, 12 Misc. Rep. 5; 155 N. Y. 677; *Otten* v. *Manh. R. Co.*, 2 App. Div. 396; *Garvey* v. *L. I. R. R. Co.*, 159 N. Y. 323; *O'Reilly* v. *N. Y. El. R. R. Co.*, 148 N. Y. 347.)

*Clark H. Hammond* for respondents. The court has power to compel the wrongdoer to remove from the plaintiffs' land the obstruction she has placed thereon. (*Wheelock* v. *Noonan*, 108 N. Y. 179; *Baron* v. *Korn*, 127 N. Y. 224; *Mulrein* v. *Weisbecker*, 37 App. Div. 545; *Corning* v. *T. I. & N. Factory*, 40 N. Y. 191.) The rule that where a choice of two remedies exists, as in a case of tort and on contract, a judgment in one will bar a judgment in the other, applies only when the remedies are inconsistent with each other and does not apply in a case where equity is invoked in aid of a right which has been established by law and which it is shown the law cannot enforce. (*Smith* v. *Smith*, 79 N. Y. 634; *Stowell* v. *Chamberlain*, 60 N. Y. 272; *Perry* v. *Dickerson*, 85 N. Y. 345; *Dawley* v. *Brown*, 79 N. Y. 390; *Dunham* v. *Bower*, 77 N. Y. 76; *Pray* v. *Hegeman*, 98 N. Y. 351; *Lorillard* v. *Clyde*, 122 N. Y. 41.) The plaintiffs should be given their own in this action to prevent a failure of justice. (*Corning* v. *T. I. & N. Factory*, 40 N. Y. 205.) The plaintiffs should be allowed to maintain this action to prevent a multiplicity of actions at law. (*Pappenheim* v. *Met. El. Ry. Co.*, 128 N. Y. 436.) The usual practice is to first establish the title to the land by an action of ejectment with jury, then where it is shown that the legal remedy is inadequate, equity may be invoked either to prevent a multiplicity of actions or to prevent a failure of justice. (*Corning* v. *T. I. & N. Factory*, 40 N. Y. 206; *Wheelock* v. *Noonan*, 108 N. Y. 179; *Baron* v. *Korn*, 127 N. Y. 224; *T. & B. R. R. Co.* v. *B., H. T. & W. Ry. Co.*, 86 N. Y. 107.)

WERNER, J. This suit was brought to obtain a decree to compel the defendant to remove that portion of the wall of

her building which encroaches upon the lands of the plaintiffs. The plaintiffs and the defendant are, and for many years have been, the respective owners of adjoining lots on the west side of Monroe street in the city of Buffalo, between Howard street on the north and Clinton street on the south. In the summer of 1895 the defendant erected a two and one-half story brick house upon her lot, the northerly wall of which encroaches upon plaintiffs' lot as set forth in the findings of the trial court.

In 1896, after said house was completed, the plaintiffs brought an action in the Supreme Court to recover possession of the strip of land thus invaded by the defendant. The action was tried at a Trial Term and a jury rendered a verdict in favor of plaintiffs. The defendant paid the costs and took a new trial under section 1525 of the Code of Civil Procedure. The action was tried a second time with the same result, and judgment was entered on the 11th day of January, 1898, establishing the plaintiffs' title in fee to the premises in dispute and their right to the possession thereof. That judgment contained a provision directing the defendant to forthwith remove from said premises all obstructions and erections of every kind placed thereon by her. In all other respects it was the ordinary judgment in an action to recover the possession of real property. That provision of the judgment was stricken out by the court on the defendant's motion, and thereafter the plaintiffs issued to the sheriff of Erie county an execution in the usual form. This execution was subsequently returned by the sheriff with an indorsement thereon stating in substance that the strip of land described therein was occupied by a portion of the stone foundation and brick wall of defendant's house and that it was impracticable for him to remove the same. After such return of the execution and before the commencement of the action at bar, the plaintiffs made a motion at a Special Term for an order directing the defendant to remove that portion of the wall of her house which encroaches upon the plaintiffs' land, which motion was denied.

Thereupon the plaintiffs brought this action in equity to compel the defendant to remove said encroaching walls from their land. The Supreme Court at Special Term granted the relief prayed for and the judgment entered upon this decision was unanimously affirmed by the Appellate Division.

The appeal to this court brings up the question whether two separate actions can be maintained upon a single cause of action.

Section 3339 of the Code of Civil Procedure provides: "There is only one form of civil action. The distinction between actions at law and suits in equity, and the forms of those actions and suits, have been abolished." Under section 481 of the Code, the requisites of a complaint are simply that it shall contain : (1) "A plain and concise statement of the facts, constituting each cause of action, without unnecessary repetition," and (2) "A demand of the judgment to which the plaintiff supposes himself entitled."

These sections of the Code, and others, which need not be specifically referred to, clearly evince the legislative intent to strip our modern procedure of the cumbrous forms and distinctions which made the practice under the common law and the earlier statutes so burdensome in its details and so uncertain in its results. Upon examining that portion of the Code which deals with actions to recover real property (Ch. 14, tit. 1, art. 1) we find that the old term "ejectment" has been discarded in the title and it is now entitled "Actions to recover real property." This change of name was, obviously, a part of the plan of the codifiers to reduce our practice to a simple and composite scheme under which all of the rights of litigants, both legal and equitable, so far as they are consistent with each other and affect the same parties, can be tried in one action and be merged in a single judgment. One of the essential features of such a scheme is to make separate provision for causes of action that are inconsistent with each other or affect different parties or require different places of trial, and this has been done in section 484 and various other kindred sections of the Code which specifies what causes of

action may be joined in the same complaint. It is true that in the chapter of the Code relating to actions to recover real property the name and many of the incidents of the former action of ejectment still persist, but this is undoubtedly due to that conservatism of the law which has ever led our legislators and courts to use familiar names and to reason in old terms when enacting or construing statutes designed to produce reforms in our law and practice. We shall have occasion further on to refer more specifically to this chapter in its application to the concrete question presented by this appeal.

Let us now see whether the plaintiffs have more than one cause of action arising out of the wrong of the defendant, and if not, what that cause of action is. The plaintiffs are the owners of a strip of land upon which the defendant has wrongfully entered and erected a wall which is a portion of her house. The facts alleged show one primary right of the plaintiffs and one wrong done by the defendant which involves that right. Therefore, the plaintiffs have stated but a single cause of action, no matter how many forms and kinds of relief they may be entitled to. The relief prayed for, or to which they may be entitled, is no part of their cause of action. (Pomeroy's Code Remedies, § 455.)

The plaintiffs' right is to recover possession of their land. The defendant's wrong consists in the entry upon and use of that land without plaintiffs' consent. The particular nature of that wrong may require the application of different remedies for the enforcement of the right. But that does not change the nature of the cause of action, nor entitle the plaintiffs to split it into several causes of action. The complaint in the first action stated the facts upon which plaintiffs based their claim of title and right to possession. Under its allegations the title as well as the right to possession could be tested. (*Cagger* v. *Lansing*, 64 N. Y. 417.) The right to possession involved the removal of the encroaching wall, for without such removal there could be no real transfer of possession. This in turn required equitable relief which, under proper pleadings and an appropriate method of trial, could have been

granted in the same action in which the title and right to pos-
session were adjudicated. (*Corning* v. *Troy Iron & Nail Fac-
tory*, 40 N. Y. 191; *Broiestedt* v. *S. S. R. R. Co.*, 55 id. 220.)
The fact that plaintiffs' complaint lacked the averments which
would have apprised the court of their right to equitable
relief, and that the course of the trial furnished no indication
that they intended to claim such relief, is no excuse for the
commencement of a separate and independent action upon
the single cause involved in the first action. It would be
novel practice, indeed, to permit the correction of errors in
that summary and extra-judicial manner.

The complaint in the first action did, as we have seen, pray
that defendant be required to remove from the premises.
The addition to that complaint of a few simple allegations of
fact would have established the necessary basis for equitable
relief, and that could have been accomplished under the ample
power of amendment provided by section 723 of the Code.
Had the complaint been so amended, the case could have been
tried according to the familiar practice which prevails in cases
where the issues are to be passed upon by the jury, and the
court is called upon to grant equitable relief. (*Davis* v. *Mor-
ris*, 36 N. Y. 572.) The plaintiffs chose not to avail them-
selves of these rights and proceeded to trial precisely as though
they claimed, and were entitled to, nothing but legal relief.
In the judgment entered upon the second verdict in their first
action the plaintiffs did insert a provision for the equitable
relief which they now claim, and which was granted in the
courts below in the action at bar. This was properly stricken
out by the court because, even if the complaint was one which
would have justified such relief, the plaintiffs had not pursued
the practice which gave the court the right to grant it.

If we assume, however, that the plaintiffs were entitled to
such equitable relief in the first action and that the court had
the power to grant it under the practice adopted, then it was
error for the court to have expunged it from the judgment,
and the plaintiffs should have appealed from the erroneous
decision. (*Wright* v. *Nostrand*, 94 N. Y. 31.) In total dis-

regard of this familiar rule of practice the plaintiffs proceeded to issue execution and collect the costs therein provided for, although they were then as fully cognizant of the facts which rendered fruitless, as they claimed, a mere judgment at law, as they were later on when the action at bar was commenced.

When the sheriff made his return, stating that it was impracticable for him to remove said wall, the plaintiffs made a motion to compel the defendant to remove the same. It requires no discussion to show that this motion was properly denied. If plaintiffs were entitled to the relief therein sought, it was properly a part of their judgment in the first action, and, as already stated, their motion should have been to vacate that insufficient judgment, and to reopen the case so as to invest the court with the power to proceed in the regular way. But, assuming that the court could have granted the desired relief upon an independent motion, plaintiffs' only remedy in case of a denial thereof was by appeal. ( *Wright* v. *Nostrand, supra.*)

In the light of these antecedents of the case at bar it seems plain to a demonstration that there is no foundation for it, unless the " action to recover real property," formerly known as " ejectment," is an exception to the comprehensive scheme of the Code to abrogate the former distinctions between actions at law and suits in equity. It is urged on behalf of the plaintiffs that it is the usual practice in actions of ejectment to first establish title at law and then, if the legal remedy is inadequate, to proceed in equity for such further relief as may be authorized by the facts of the case. The very authorities cited in support of this argument prove its fallaciousness. *Corning* v. *T. I. & N. Factory* (40 N. Y. 191) and *Baron* v. *Korn* (127 id. 224) were cases in which the equitable remedy was held to have been properly invoked in the first instance, although it was contended in the former, as it is here, that it was proper for the plaintiff to establish title at law before commencing his suit in equity. In *T. & B. R. R. Co.* v. *B., H. T. & W. Ry. Co.* (86 N. Y. 128) the action was based upon a single trespass without allegation or proof

of irreparable injury, and it was to this state of facts that the
court applied the dictum that an action at law should be had
before a suit in equity will be entertained because "for aught
that now appears, one action at law will suffice." In *Wheelock*
v. *Noonan* (108 N. Y. 186), also an action for trespass, the
court did extend its equitable aid on the ground that an action
at law would not furnish an adequate remedy. In referring
to the general rule that a court of equity will act in such cases
only after the plaintiff's right has been established at law, the
learned writer of the opinion in this court said: "Where the
facts are in doubt and the right not clear, such, undoubtedly,
would be a just basis of decision, though the modern system
of trying equity cases makes the rule less important. Where,
as in an intrusion by railroad companies, whose occupation
threatens to be continuous, the injury partakes of that char-
acter, *an action at law to establish the right has not been
required.*" Illustrations of the rule that both legal and
equitable relief may be had in the same action may be found
in the earlier cases of *Phillips* v. *Gorham* (17 N. Y. 270);
*Lattin* v. *McCarty* (41 id. 107), and *Wright* v. *Wright* (54
id. 437), although it must be conceded that proper discrimina-
tion has not always been made between single and several
causes of action, as distinguished from different kinds of relief
upon one cause of action.

Turning again from the authorities to the Code, the reason
for the retention of some of the incidents of the former action
of ejectment is apparent. Many, if not most, of the cases to
recover real property are actions at law, pure and simple, in
which the right of possession, based upon proof of title, can
be adequately enforced by execution. The action may be
maintained by the landlord against his tenant; or by one
whose land unincumbered by buildings is withheld and can
be fully restored under a judgment establishing his right of
possession; or by another within the limits of whose land
structures have been erected by a wrongdoer which pass as a
whole to the plaintiff and follow the right to possession of the
land. These incidents of the purely legal side of an action to

recover real property are not inconsistent with the equitable remedies which may and should be invoked when, as in the plaintiffs' first action, the naked legal judgment establishing title and the right to possession is claimed to be unenforceable by execution.

The application of these principles to the case at bar requires the reversal of the judgment of the courts below and the dismissal of the plaintiffs' complaint; but in view of the hardships visited upon the plaintiffs by the palpable and continuing wrong of the defendant, the reversal should be without costs.

PARKER, Ch. J., GRAY, O'BRIEN, LANDON and CULLEN, JJ., concur; HAIGHT, J., dissents.

Judgment reversed, etc.