fendant's Counsel: And the defendant objects to the court's statement. The Court: Come around here now, and I will put you under oath. Defendant's Counsel: I object to being put under oath. The testimony in the case has been closed. The Court: I require you to be sworn because of your statement to the jury. J. D. Romain Baldwin, sworn: By the Court: Q. Mention one occasion when you know of 200 witnesses being called upon to appear in the five parts of this court. A. I was told by one of our inspectors. Q. Answer my question of your own knowledge. A. I can't. Q. How long have you been with this road? A. About three or four years. Q. State to this jury a single occasion when 100 witnesses were called on the part of your company in all five parts of this court. A. I never made such a statement." The action of counsel for the defendant in traveling outside of the record and making statements as to which no evidence had been offered, and as to which evidence would have been incompetent and irrelevant, and which statements were in fact untrue, cannot be justified. If, when counsel made these remarks, the trial justice had checked him, and declined to permit him to proceed further along the same line, and instructed the jury to disregard the improper remarks which he had made, no valid objection could have been taken, and such action would have been sufficient to fully protect the rights of the plaintiff. But when the court interrupted the summing up of counsel, and compelled him, against his protest and objection, to take the witness stand and be sworn, and testify of his own knowledge as to the unwarranted statements which he had made in the course of his summing up, we think the learned justice erred in a manner which may have been prejudicial to the defendant. The attitude of the court was well calculated to bring the attorney in contempt before the jury, and to prejudice them, not only against him, but against the interests of his clients. The court is clothed with ample authority to prevent counsel from going outside of the record in their address to the jury, and courts should not hesitate to vigorously exercise the power thus conferred upon them to prevent this great abuse of the rights of counsel and pernicious method of trespassing upon the rights of a party to the suit. The methods adopted in this case were not the proper methods of accomplishing this result, and, in our judgment, present ground for the reversal of this judgment. Justice requires that this case be submitted to another jury, who may pass upon the questions at issue, free from those circumstances which surrounded the present case when it was submitted to the jury. The judgment is reversed and a new trial ordered, with costs to abide the event.

CONLAN, J., concurs.

---

In re QUINN. (Supreme Court, Appellate Division, Fourth Department. October 14, 1902.) In the matter of the proceedings for the disbarment of George F. Quinn. No opinion. Order of reference entered, referring the charges to D. F. McLennan, Esq., attorney and counselor at law, of Syracuse, N. Y., and directing the district attorney of Onondaga county and Charles G. Baldwin, Esq., as counsel, to prosecute.

---

QUINN, Respondent, v. ONONDAGA COUNTY MILK ASS'N, Appellant. (Supreme Court, Appellate Division, Fourth Department. September 30, 1902.) Action by Thomas Quinn, an infant, etc., against the Onondaga County Milk Association. No opinion. Order affirmed, with $10 costs and disbursements.

---

RAMAGE, Respondent, v. CITY OF YONKERS, Appellant. (Supreme Court, Appellate Division, Second Department. October 3, 1902.) Action by Rebecca Ramage against the city of Yonkers. No opinion. Judgment and order unanimously affirmed, with costs.

---

RAY, Respondent, v. UNITED TRACTION CO., Appellant. (Supreme Court, Appellate Division, Third Department. September 9, 1902.) Action by Jane Ray against the United Traction Company. No opinion. Order affirmed, with $10 costs and disbursements.

---

RIEGLER, Respondent, v. SOLVAY PROCESS CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. October 7, 1902.) Action by Ida Riegler, as administratrix, etc., against the Solvay Process Company. No opinion. Judgment and order affirmed, with costs.

---

REINACH, Respondent, v. PECK, Appellant. (Supreme Court, Appellate Division, Second Department. October 10, 1902.) Action by Jacob Reinach against Jerome A. Peck. No opinion. Judgment and order affirmed, with costs.

---

REMSEN et al., Respondents, v. HYAMS, Appellant. (Supreme Court, Appellate Division, First Department. November 7, 1902.) Action by Jane Remsen and another against Rosalie Hyams, individually and as executrix of the last will of Joel E. Hyams, deceased. From an order vacating and setting aside certain findings, and a judgment entered thereon in favor of plaintiffs, and permitting plaintiffs to serve an amended complaint, defendant appeals. Affirmed. Charles W. Coleman, for appellant. William R. Wilder, for respondents.

PER CURIAM. We think that the case of Hahl v. Sugo, 169 N. Y. 116, 62 N. E. 135, is an express authority for the granting of this motion. The order should be affirmed, with $10 costs and disbursements.

---

RICHARDSON & MORGAN CO. v. O'CONNOR et al. (Supreme Court, Appellate Di-