(117 App. Div. 163)

### LEVY v. KNEPPER et al.

(Supreme Court, Appellate Division, First Department. January 25, 1907.)

1. SPECIFIC PERFORMANCE—RELIEF AWARDED—RECOVERY OF DAMAGES INSTEAD OF SPECIFIC PERFORMANCE.

  In an action for specific performance of a contract to convey real property, if it appears upon the trial that the defendant is unable to perform, the court nevertheless retains jurisdiction, and will award plaintiff damages caused by the breach of the contract.

  [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, §§ 415, 416.]

2. SAME—JUDGMENT.

In an action for the specific performance of a contract to convey real property, a judgment that the defendant specifically perform, and that "in the event defendant is not able to and cannot perform the contract, then plaintiff, to recover a certain sum as damages," cannot be sustained without a finding of fact that the vendor is unable to specifically perform, since before the court can retain the action, and award damages for the breach of the contract, it must decide whether or not specific performance can be granted.

Appeal from Special Term, New York County.

Action by Louis Levy against Sophie Knepper and others. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, HOUGHTON, and LAMBERT, JJ.

Joseph Rosenzweig, for appellants.
Harry A. Gordon, for respondent.

INGRAHAM, J. This action was brought for the specific performance of a contract for the conveyance of real property, by which the defendant Sophie Knepper agreed to convey to the plaintiff certain premises in the city of New York for the sum of $19,000; of this amount $450 was paid upon the execution of the contract; $16,000 to be paid by conveyance of the property subject to an existing mortgage; $1,800 by the execution of a purchase money mortgage, and the balance of $1,050 in cash upon the delivery of the deed.

The complaint alleges that, after the execution of the contract, the vendor executed a mortgage to the defendant Weis, and subsequently conveyed the property to the defendant Reichman; that such deed and mortgage were made and caused to be recorded without consideration, and solely for the purpose of hindering and delaying the plaintiff, and to prevent him from obtaining the specific performance of the contract of sale. As part of the relief the plaintiff demands judgment that the said mortgage and deed be vacated and set aside, and that the defendant Knepper be compelled to specifically perform the said contract of sale; or in case the defendant Knepper shall be unable to perform the same, the plaintiff asks judgment for the sum of $2,640 damages. The answer admits the execution of the contract, and denies the other allegations of the complaint, alleging that, at the time and place where the deed was to be delivered, she was ready and willing, and offered to carry out the said contract, but that the plaintiff refused to perform, and would not accept a deed of the premises; and that she thereafter executed the mortgage and conveyed the property. Upon the trial, the court filed a decision sustaining the plaintiff's allegations, and directing judgment that the mortgage and deed be adjudged and declared fraudulent and null and void as against the plaintiff, and that the same be set aside and canceled of record; that the defendant Knepper specifically perform the contract, and, in the event that the defendant Knepper is not able and cannot perform, the said contract, the plaintiff is entitled to judgment for the sum of $3,450, and that this amount be impressed and declared a lien upon the premises, and upon all proceeds realized upon the sale of the said property pursu-

ant to any foreclosure sale in the hands of the city chamberlain; and that the defendant Knepper be adjudged to pay any deficiency which may remain after applying the said proceeds to the payment of the said sum of $3,450. Judgment was entered in accordance with this decision, and from such judgment, the defendant appeals.

There is no provision in the judgment for determining whether or not the defendant Knepper is able to perform the said contract. The defendant Knepper is directed to specifically perform the contract, and then follows the provision that:

"In the event the defendant Sophie Knepper is not able and cannot perform, pursuant to the contract of October 30, 1903, that the plaintiff is entitled to a judgment herein, wherein, and by which it shall be adjudged and decreed that the plaintiff have and recover from the defendant Sophie Knepper the sum of $3,450, besides costs, and that the same be impressed and declared a lien on the said premises, No. 226 East Eighty-Ninth street, and that the same be impressed and declared a lien upon all proceeds realized upon the sale of the said property, pursuant to any foreclosure proceeding or otherwise in the hands of the city chamberlain or elsewhere."

The court found that, at the time the contract was to be performed, the plaintiff was ready, willing, and able to carry out the contract, and offered to pay to the defendant Sophie Knepper the balance of the purchase price according to the terms of the contract, but that the defendant Knepper, although fully able to carry out the contract on her part, with a view of depriving the plaintiff of the benefits of the said contract and bargain, failed and refused to carry out and perform the contract on her part; that subsequently the defendant failed to pay the interest due on the prior mortgage upon the premises, whereupon an action was commenced to foreclose this mortgage, which action of foreclosure was pending at the time of the trial of this action. There is no finding that the defendant at the time of the trial of the action was not able to complete the said contract, nor did the court determine whether or not the defendants' title to the property was good, so that a conveyance would vest in the plaintiff a good title to the property, subject to the incumbrances specified in the contract.

It is quite evident that this judgment cannot be sustained. In an action for the specific performance of a contract to convey real property, a court of equity obtains jurisdiction for the purpose of decreeing specific performance. If it should appear upon the trial that the defendant is unable to perform, the court retains jurisdiction, and awards the plaintiff damages caused by the breach of the contract. But the judgment awarded must be either for a specific performance, or, upon finding that the vendor is unable to perform, for the damages sustained by reason of the failure of the vendor to perform the contract. It was stated on the argument that since the entry of this judgment the action of foreclosure to enforce the first mortgage upon the property had proceeded to judgment and the property sold, and in consequence thereof the defendant was unable to make the conveyance, as required by the contract, in which event the plaintiff was entitled to a money judgment against the vendor for the damages sustained. There is, however, no fact found upon which we could base a judgment for the damages that the plaintiff has sustained, and the situation so disclosed by

the evidence is not such as would justify the court, on these findings, in modifying this judgment by changing it into an action for damages.

In Haffey v. Lynch, 143 N. Y. 241, 38 N. E. 298, it is said:

"It is a general rule in equity that the specific performance of a contract to convey real estate will not be granted when the vendor, in consequence of a defect in his title, is unable to perform. * * * But if the defect in the title existed at the date of the contract, or was due to some fault or to some act of the vendor subsequent to the contract, the court will generally entertain an action for specific performance and retain jurisdiction for the purpose of awarding damages for the breach of the contract. But where, as in this case, the defect in the title arises after the making of the contract, without any default of the vendor, and the vendee knew of the defect in the title when he commenced his action, it was formerly the rule that the court would not retain the action for the purpose of awarding damages. * * * This rule was adopted because the vendee should not commence a fruitless action in equity simply to recover there his damages for a breach of contract. The rule has been modified since the Code practice which authorizes the joinder of legal and equitable causes of action, and while the equitable relief will be denied in such a case, now the action will be retained, and the issue as to the breach of contract and damages will be sent to a jury for trial. * * * Equity courts, in awarding relief, generally look at the conditions existing at the close of the trial of the action and adapt their relief to those conditions."

And in Sternberger et al. v. McGovern, 56 N. Y. 12, the question of reserving a cause of action for damages where an action has been commenced for specific performance and it appears that the defendant cannot specifically perform, was considered, and the court said:

"This shows that when the complaint states facts giving an equitable cause of action and also a legal cause of action, arising out of the same transaction, the party is entitled to have both tried, if necessary, to obtain his rights. That is the case. The complaint sets out the contract, and alleges a tender of performance by the plaintiff and a breach by the defendant, and demands judgment for $125,000, and other relief. True, he demands equitable relief, based upon the ground that he was entitled to a specified performance of that part of the contract relating to the Thompson street property. He failed in showing a right to this. He then had a right to a trial of his claim for damages sustained by the breach. True, the mode of trial may be different. The former must be tried by the court or a referee, unless some question or questions of fact involved are ordered by the court to be tried by jury. Either party has the right to a jury trial of the latter. This creates no practical difficulty. The one issue may be tried by the court, and the other by a jury, if the ends of justice require the trial of both, or both may be tried by the court or a referee if the parties so desire."

The foundation, therefore, of an action in equity for specific performance is the right of the plaintiff to equitable relief. If, upon the trial, it appears that the plaintiff is entitled to that equitable relief, such relief will be decreed. If, however, on the trial, it appears that in consequence of the condition of the title a decree of specific performance cannot be decreed, the action is then to be reserved and tried as an action for damages for breach of a contract, and either to be sent to a jury for trial, or tried and determined by the court as the situation requires. But, before the court can retain the action to recover the damages for breach of a contract, it must decide the question whether or not a decree for specific performance can be awarded. And it is only in a case where a decree of specific performance cannot be

awarded that the court is justified in denying that relief, and retaining the action as one to recover damages for the breach of a contract. These rules are simple and elementary, and were violated in the trial of this case. Here it was the duty of the court to determine whether a decree for specific performance should or should not have been granted, and it was only in the event that such specific performance could not be granted that the court was justified in continuing the action. as one for damages.

The judgment is therefore reversed, and a new trial ordered, with costs to the appellants to abide the event.

PATTERSON, McLAUGHLIN, and LAMBERT, JJ., concur.

HOUGHTON, J., concurs in result.