WILL v. BARNWELL.

(Supreme Court, Special Term, Erie County.    September, 1908.)

1. SPECIFIC PERFORMANCE—RELIEF—DAMAGES—PROPRIETY.
    To justify a decree for damages in a suit for specific performance of a
    contract to convey, it must appear that specific performance cannot be
    had; and such fact was not apparent where defendant did not refuse at
    trial to convey as decreed, and was given 20 days after service of the de-
    cree upon him in which to convey.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Perform-
    ance, §§ 412–419.]

2. JUDGMENT—CONCLUSIVENESS—MATTERS NOT IN ISSUE—DAMAGES FOR FAIL-
    URE TO EXECUTE DEED.
    A decree for specific performance of a contract to convey is not res
    judicata of a subsequent action for damages for defendant's refusal to
    convey as required by the decree, where it was not known at the former
    trial that defendant would not comply with the decree, so that the right
    to damages could have been determined in that suit.

3. PLEADING—DEMURRER—COMPLAINT—MATTERS CONSIDERED.
    In an action for damages for defendant's failure to execute a deed as
    required by a decree for specific performance, defendant could not avail
    himself, on demurrer to the complaint, of any right he may have by rea-
    son of the former action and judgment; the complaint stating a cause of
    action on its face.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 426.]

Action by John Will against Charles P. Barnwell for damages for
defendant's failure to execute a deed as required by a decree for spe-
cific performance.   On demurrer to complaint.   Demurrer overruled,
with leave to answer.

Gordon F. Matthews, for plaintiff.
Daniel V. Murphy, for defendant.

BROWN, J.   On November 17, 1907, a judgment was entered in
Erie county clerk's office, in an action wherein plaintiff herein was
sole plaintiff and defendant herein was sole defendant, decreeing that
the defendant specifically perform a certain contract for the exchange
of certain real estate by executing and delivering to the plaintiff a
good and sufficient deed of certain real estate, containing a covenant
for the quiet and peaceful enjoyment, in which deed the wife of de-
fendant should join, and awarding costs to plaintiff.   Plaintiff brings
this action, and alleges that defendant fails and refuses to execute and
deliver the conveyance specified in said judgment, and demands a
money judgment for damages occasioned by such refusal.   The de-
fendant demurs to plaintiff's complaint, alleging that there is another
action pending between the parties hereto for the same cause.

It does not appear in the complaint for what reason the defendant
refuses to comply with the judgment of November 17, 1907; but it is
the contention of the defendant that under the authority of Hahl v.
Sugo, 169 N. Y. 109, 62 N. E. 135, 61 L. R. A. 226, 88 Am. St. Rep.
539, Levy v. Knepper, 117 App. Div. 167, 102 N. Y. Supp. 313, and
Maasch v. Grauer, 123 App. Div. 670, 108 N. Y. Supp. 54, the judg-
ment of November 17, 1907, is res adjudicata, and plaintiff cannot

maintain this action. There can be no doubt but such judgment would have been res adjudicata, if it were known to plaintiff or the court upon the trial of the former action that defendant would fail and refuse to specifically perform or comply with the judgment in that action. Neither the pleadings nor the evidence in the former trial are contained in this complaint demurred to, and there is nothing before me from which it can be determined that such knowledge was had by plaintiff or the court on that trial. It does not appear that the question whether the defendant was to refuse to execute the conveyance or not was or could have been litigated and decided in the former action. To sustain the demurrer it must appear that the cause of action based upon the refusal of the defendant to make the conveyance was or could have been determined in the prior action. The complaint alleges that the defendant refused to make the conveyance within 20 days after service upon him of a copy of the decree in the former action as directed therein, and that such copy was served January 29, 1908. The plaintiff's cause of action, therefore, arose February 18, 1908, and it is difficult to see how the court in the former action could have found in November, 1907, that the defendant was to refuse to convey in February, 1908.

In order for the court in the former action for specific performance to have provided for a money judgment for damages, it must have been established in that action that specific performance could not be had. Levy v. Knepper, supra. No such fact appears in the complaint demurred to. It may be that defendant has some advantage or right that may avail him in this action by reason of the former action and judgment; but it cannot be asserted by a demurrer to plaintiff's complaint on the proof before me.

Demurrer overruled, with leave to answer on paying costs, to be taxed.