ADOLF DOCTOR, Appellant, *v.* JOSEPH REISS and NEVAH CONSTRUCTION CO., INC., Respondents.

First Department, November 9, 1917.

**Pleading — suit for specific performance — impossibility of specific performance — right of defendant to jury trial — practice — where complaint states legal action cause should be transferred to jury calendar.**

Where the defendant, in an action for the specific performance of a contract to sell certain stock to the plaintiff and to procure a third person who will advance a certain sum of money as a building loan, denies the plaintiff's allegation that he has no adequate remedy at law, and it appears that the plaintiff knew before the action was begun that the third person refused to make the building loan, there can be no decree of specific

performance and the defendant is entitled to a jury trial on the issue of his breach of contract.

But the court should not dismiss the complaint where it contains all the facts necessary to establish an action at law, even though there is no demand for money damages, the proper practice being to send the case to the jury calendar for trial.

APPEAL by the plaintiff, Adolf Doctor, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 12th day of December, 1916, dismissing the complaint upon the decision of the court after a trial at the New York Special Term.

An appeal is also taken as stated in the notice of appeal from the decision of the court.

*Max L. Schallek,* for the appellant.

*George D. Carrington,* for the respondents.

SHEARN, J.:

This action was brought to procure the specific performance of a contract between the plaintiff and the defendant Reiss whereby the defendant agreed to sell and deliver to the plaintiff all of the shares of the capital stock of the defendant Nevah Construction Co., Inc., the owner of certain real estate, and also agreed that a third party would advance $25,000 as a building loan. On the failure of the defendant Reiss to perform, plaintiff brought this action and in the complaint demanded judgment merely that the defendants specifically perform the contract. The complaint alleged that plaintiff had no adequate remedy at law, and no demand was made for a money judgment. It appearing that the third party had refused and continued to refuse to make the loan of $25,000, obviously there could be no decree for specific performance. This was known to the plaintiff before the action was begun. Plaintiff claims that, notwithstanding, if he could establish that the refusal of the third party to make the loan was due to the acts of the defendants, plaintiff was entitled to a money judgment. Defendants had the right to a jury trial if the action was for damages for breach of contract. This is not a case where the defendants can be said to have waived that

right, for the pleadings show that the answer denied the allegation in the complaint wherein plaintiff alleged that he had no adequate remedy at law. However, the court should not have dismissed the complaint, for it contained all the facts necessary to establish a cause of action at law. The mere absence of the demand for damages, where the complaint states facts from which damages would naturally flow and also alleges the fact of damage, does not render the statement of a cause of action insufficient. In such a case as this, where the complaint contains all the facts necessary in an action at law, the proper practice is not to dismiss the complaint but to send the case to the jury calendar for trial. (*Sternberger v. McGovern*, 56 N. Y. 12; *Levy v. Knepper*, 117 App. Div. 163.)

The judgment should be reversed and the cause remitted to the contract calendar for trial, with costs to the appellant to abide the event.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concurred.

Judgment reversed and cause remitted to contract calendar for trial, with costs to appellant to abide event. Order to be settled on notice.