JOSEPH GIANNINI, Plaintiff, *v.* FANNIE P. FOSTER and Others,
Defendants.

Supreme Court, Essex County, October, 1922.

**Vendor and purchaser — acceptance by owner of money from assignee of
option creates contract — right of dower of wife of grantee, she not
being a party to the action, prevents judgment for specific performance
— money damages against former owner.**

The owner of real property in consideration of a down payment executed and
delivered an option under seal by which she agreed to sell the property to H.
within thirty days from the date of her writing.   *Held,* that when she took from
plaintiff, the assignee for value of the option, the balance due under the con-
tract and retained the same, the contract became mutual and enforcible.

In an action for specific performance it appeared that when plaintiff paid the said
balance due, the owner not only refused to give him a deed of the property but
conveyed the property the next day to S. who immediately conveyed a part
thereof to T.; it also appeared that S. and T. knew of the option.   *Held,* that
because the dower right of the wife of S. was outstanding, she not being a party
to the action, judgment for specific performance could not be given but that
plaintiff was entitled to judgment for the fair worth of the property on the day
that he paid the balance of the purchase price with interest on that sum from
that date.

ACTION for specific performance.

*L. E. Crandall,* for plaintiff.

*Howard W. Richardson* (*Walter W. Chambers,* of counsel), for
defendants Foster and Suhrland.

*Roy Lockwood,* for defendant Thayer.

WHITMYER, J.   On August 4, 1919, the defendant, Mrs. Foster,
in consideration of the sum of $10 to her then paid, gave to H. Z.
Halliwell an option, in writing and under seal, by which she agreed
to sell to him her house and lot on the west side of Main street,
Schroon Lake, N. Y., for $1,600, within thirty days from its date,
and the sum then paid was to be applied on the purchase price,
a warranty deed was to be given, and she was to have possession
until October 1, 1919, in the event of purchase.   On September 3,
1919, Halliwell assigned the option, his wife joining, to one George
H. Brickwedel, and Brickwedel, on the same day, assigned it to
plaintiff, each assignment being in writing, under seal and for value.
On that same day plaintiff duly paid and Mrs. Foster took from
him and retained the balance, $1,590, due thereunder, and plaintiff
demanded a deed, but she refused to give it and, on the contrary,
on the very next day, September 4, 1919, conveyed the property
to defendant Suhrland, who immediately conveyed a strip, about

two feet wide, to defendant Thayer, and he then took a mortgage for $1,200 upon the remainder. The evidence shows that Suhrland and Thayer knew about the option. The relief asked is that defendants or those who have title be compelled to specifically perform by executing and delivering a deed of the property to plaintiff, that they be enjoined from further conveying or incumbering it, that the mortgage be canceled as a lien, and for such other and further relief as may be just. The defendants, severally, appeared and answered. Each answer, in effect, consisted of a general denial and of the defense that the option was unilateral and not assignable. The complaint does not allege that Suhrland is married, but the evidence so shows and his wife is not a party. It does not allege whether or not Thayer is married and it does not set up the conveyance of the strip to Thayer, but the evidence shows that. And Mrs. Foster was not sworn. She was in court, under plaintiff's subpœna, on the first day of the trial, and plaintiff subpœnaed her for the second day, but she ignored it, and has paid no attention to the case since. Suhrland was the only defendant who filed a brief. The acts of Mrs. Foster, in taking from plaintiff and in retaining the balance due under the option, dispose of the questions of assignability and mutuality, or the lack of it. Thereby she accepted him in place of Halliwell, and when she took and retained his money the contract became mutual and enforcible. *Pettibone* v. *Moore*, 75 Hun, 461; *Jones* v. *Barnes*, 105 App. Div. 287; *Dittenfass* v. *Horsley*, 177 id. 143; affd., 224 N. Y. 560. So that plaintiff is entitled to judgment. The form is the only question. He is asking for specific performance, but one dower right, at least, in a wife, not a party, is outstanding, the facts relating to ownership are not fully set up, and Suhrland has expended about $2,000 in improvements, apparently, on the strength of legal advice, or in the belief that the option was not assignable and was invalid, so that judgment for specific performance cannot be effectuated, as the case stands, and should not be given. *Broder* v. *Gordon*, 50 Misc. Rep. 282; *Messenger* v. *Chambers*, 53 id. 117; *Hollander* v. *Lustik*, 79 id. 103. Thus it becomes a case where damages may and should be awarded. *O'Beirne* v. *Allegheny & Kinzua R. R. Co.*, 151 N. Y. 372, 383; *Miller* v. *Edison El. Illuminating Co.*, 184 id. 17; *Levy* v. *Knepper*, 117 App. Div. 163. The purchase price was $1,600 and the evidence is that the property was fairly worth $2,000 on September 3, 1919. It may be doubted that there was such a difference, but defendants did not see fit to offer evidence on the question, and it must be accepted. The fact that plaintiff feared competition does not enter into it. In addition, the price was paid on the day and Mrs. Foster has had the money,

so that plaintiff is entitled to judgment against her for the sum of $2,000, with interest on the sum of $1,600 from September 3, 1919. Findings accordingly.

Judgment accordingly.