Goodsite Realty Co., Inc., Plaintiff, *v.* Clara M. Haddad, Defendant.

Supreme Court, Queens County, November 28, 1930.

*Louis H. Samuels,* for the plaintiff.

*Street & Adikes,* for the defendant.

Humphrey, J.  Three motions have been made herein.  The first is a motion to strike out the first and second defenses set forth in the amended answer pursuant to rule 109 of the Rules of Civil Practice.  The action appears to be one in which is sought a mandatory injunction directed against the continuance and maintenance of a building wall belonging to defendant, which wall plaintiff alleges trespasses and encroaches nearly three feet of its entire length on plaintiff's premises, which premises adjoin those of defendant.

Plaintiff also asks for damages. It further appears that plaintiff and defendant derive title from a common grantor. Plaintiff's plot fronts on Roosevelt avenue, Woodside, and on its eastern extremity is 196.95 feet east of Wright place. Defendant's plot fronts on Roosevelt avenue, and on its western extremity is 196 feet 8¾ inches east of Wright place. Defendant sets up in her amended answer two affirmative defenses, the first of which in substance alleges that plaintiff's deed is void because part of plaintiff's premises was occupied by the defendant by a possession adverse to plaintiff's grantors at the time plaintiff received its deed. The second defense alleges that plaintiff has an adequate remedy at law for the recovery of possession, to wit, an action of ejectment in the name of plaintiff's grantors. The first defense involves section 260 of the Real Property Law and the second defense section 994 of the Civil Practice Act. These defenses appear to be insufficient under the allegations of the pleadings. (*Danziger* v. *Boyd*, 120 N. Y. 628.)

Defendant has made a cross-motion for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice on the ground that it appears on the face of the amended complaint that it does not state facts sufficient to constitute a cause of action. Defendant contends that the amended complaint shows that the ground for the relief asked is that the existence of the wall constitutes a continuing trespass, and that the action being founded on a continuing trespass, plaintiff should have alleged that it was in possession of the *locus in quo* as is required in an action at law for damages by reason of a continuing trespass. I believe this contention is without merit, as the amended complaint sets forth facts which would justify a court of equity in granting the relief prayed for.

Defendant also moves for leave to file and serve a proposed second amended answer. Examination of the proposed answer shows that it is the same as the present one, except that a third and additional defense is sought to be interposed. This defense in substance alleges that prior to the commencement of this action, and on or about the 28th day of September, 1926, plaintiff instituted another action against the defendant and other persons to recover possession of the same premises which defendant refers to as being an action of ejectment; that answers were interposed, and that said action is pending and undetermined; and further alleges that by bringing and maintaining said prior action plaintiff has estopped itself from bringing and maintaining this action. Plaintiff contends that the prior action is no bar, inasmuch as it was an action at law for ejectment and that no equitable relief is asked for therein, while the action herein is for a mandatory injunction which action

is the only one that will afford plaintiff the relief it seeks and further that the prior action has not proceeded to judgment, and cites *Hahl* v. *Sugo* (169 N. Y. 109) in support of its contentions. Defendant contends that the two actions are inconsistent in that the first is for ejectment and the second is to restrain a continuing trespass; that in the first one possession by plaintiff is not a necessary element, while in the second one it is. A reading of the opinion in the case last cited leads me to believe that it is a sufficient authority to justify the interposition of the proposed third defense. Plaintiff in the ejectment action can obtain all the equitable relief it seeks. (See *Hahl* v. *Sugo, supra.*) In *Ritter* v. *Worth* (58 N. Y. 627) the court held that proof of pendency of another action between the same parties to recover possession of the same premises is a defense. Both attorneys for the plaintiff and defendant herein have until recently been unaware of the pendency of the ejectment action. I believe defendant has sufficiently explained in her affidavits the reason why such defense was not included in the present answer.

Plaintiff's motion to strike out the first and second affirmative defenses should be granted, the defendant's cross-motion for judgment on the pleadings should be denied, and defendant's motion for leave to serve a second amended answer should be granted except as to the first and second defenses as indicated.