(12 Misc. Rep. 119.)

### BOYD v. BOYD et al.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

1. JURY TRIAL—RIGHT TO—WAIVER.
    A cause was noticed for the October equity term, and when it was reached it was marked "Ready," and passed from day to day, and finally set for trial on October 25th, when, on defendant's motion, it was marked off, because of the illness of his attorney. *Held*, that defendant thereby waived his right to a jury trial, and that such waiver was not affected by a notice served, after the term, stating that he thereby withdrew his notice of trial.

2. SAME—DISCRETION OF TRIAL COURT.
    Where defendant has waived his right to jury trial by noticing the cause for an equity term, it is discretionary with the court to deny an application for a jury trial.

Appeal from special term.

Action by David Boyd against Robert Boyd, Elise Boyd, Joseph J. Carberry, and John B. Sexton, sheriff of the city and county of New York. From an order denying a motion to strike the cause from the equity calendar, and to send it to the trial term for trial by jury, or to show cause why one or more of the issues should not be framed for trial, or why all the issues should not be so tried, or why such of the alleged causes of action as are legal in their nature should not be tried by a jury, defendants Boyd and Carberry appeal. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and GIEGERICH, JJ.

Johnston & Johnston (Edward W. S. Johnston, of counsel), for appellants.

Henry Daily, Jr., for respondent.

DALY, C. J.   The action was brought to recover possession of premises on Elm and Pearl streets, in this city, formerly owned by Robert Boyd, and sold under execution against him to one Britton, and thereafter redeemed by Samuel Boyd, another judgment creditor, to whom the sheriff issued a certificate, and who became entitled to a deed, but died before receiving it, leaving the plaintiff his only heir at law, to whom letters of administration upon his estate were issued.   After the death of Samuel Boyd, the sheriff, upon production to him by the other defendants of an alleged forged assignment of said certificate, executed a deed of the premises to the defendant Carberry, who conveyed them to the defendant Robert Boyd, the husband of Elise Boyd, who is now in possession, claiming to own the premises in fee under the alleged fraudulent conveyances.   As incidental to the recovery of the premises the plaintiff asks that the alleged forged assignment of the sheriff's certificate, and the deed delivered in pursuance thereof, and the conveyances by which Robert Boyd holds the premises be adjudged fraudulent and void; that the sheriff make a conveyance to the plaintiff, as administrator of Samuel Boyd, deceased, in trust for himself, as his heir at law, and that the other defendants release and convey to him any and all claim, right, title, and interest to the premises and the said certificate.   This is, in substance, an action to recover the possession of real property, and is therefore an action of ejectment as defined by the Code.   "The words 'an action of ejectment' [refers] to an action to recover the immediate possession of real property."   Section 3343, subd. 20. And the first question is whether the action may be maintained in this form by one who has an equitable title only.   Ordinarily, the action is by one who has the legal title as well as the immediate right of possession; but this is so as against a stranger in possession, who is no party to the transaction which forms the basis of the plaintiff's equity.   In such a case the plaintiff would first be compelled, in an action in equity against the proper parties, to establish his right to procure his deed, and then, having the legal title, to maintain his action of ejectment; but, where all the parties are before the court, the equitable as well as the legal relief can be awarded in the same action.   Peck v. Newton, 46 Barb. 173.   In an action of ejectment, under the Code, the plaintiff may attack for fraud the deed under which the plaintiff claims title.   Phillips v. Gorham, 17 N. Y. 270.   In that case the plaintiff was the heir at law of the grantor, and vacating the deed would vest him with the legal title.   In this case the plaintiff, if he establishes the forgery of the assignment of the sheriff's certificate, and avoids the deeds made on the faith of it, must nevertheless procure a deed from the sheriff to himself before he is vested with the legal title.   But, inasmuch as a necessary part of the relief to which he would be entitled against the defendants would be a judgment excluding them from any interest in the premises under such deeds, and their whole title thereunder would therefore be determined in this action, it would be a useless formality to require him to prosecute another action against any of them to recover

possession.  The plaintiff's legal title against all the parties will be established in this action, and his right to possession ensues therefrom.

As the action is, therefore, in substance, to recover the possession of real property, and is an action of ejectment, the defendants would be entitled to a jury trial under the Code, which provides that an action of ejectment must be tried by a jury.  Section 968. Parties defending in ejectment were always entitled to a jury trial as a matter of right, and it matters not how their title is attacked, whether upon equitable or legal grounds.  Though not in form an action of ejectment, yet, if it is so in substance, the defendants are entitled to a trial by jury.  Prayer for equitable relief does not affect the right.  New York Life Ins. & Trust Co. v. Mayor, etc., of City of New York, 6 N. Y. St. Rep. 656.  The verdict of the jury for the plaintiff finds all the facts essential to the right of possession, as well as the right to the equitable relief demanded, and he can apply for the proper judgment upon the verdict.  It is suggested that no judgment awarding possession to the defendants can be granted in this action, although prayed for, because it is not technically an action of ejectment, and therefore defendants are not deprived of any substantial right by being denied a jury trial of the issues therein; and that they will have their trial by jury when the plaintiff, having secured his deed from the sheriff upon the judgment in this action, shall afterwards institute his action of ejectment.  But of what avail will a jury trial be in such a case?  The defendants will be concluded by the judgment in this action upon the whole dispute, and the action of ejectment, as before observed, will be a mere formality.  If, before they are deprived of possession, defendants' right must be determined by a jury, as the law seems to intend, they must have their jury in this action or never.  No case cited by respondents establishes that an action which is in substance to recover possession of real property can be so framed as to give a court of equity exclusive jurisdiction, and deprive a defendant of his right to a jury trial.  Actions by judgment creditors to set aside fraudulent transfers of the debtor's property are not in point, as between a grantor and grantee the title of the latter is not affected in such actions, which are only brought to enable the creditor to collect his judgment out of the property.  Nor is equitable jurisdiction, in actions in form or in substance for specific performance, or to set aside conveyances as between grantor and grantee, to be urged against this view.  They were always of equitable cognizance.  The right to recover here is based upon superior title, and whether it is to be established upon equitable grounds or not cannot affect defendants' right to a trial jury.  But the defendants may waive a jury trial, though entitled to it as a matter of right.  Code, § 1009.  He may waive it in other ways than those specified in that section.  "The provision is not exclusive, and the same effect may be given to any evidence, either of conduct or acquiescence by the party, which in other cases would require a conclusion that a right designed for his benefit had been waived."  Mackellar v. Rogers, 109 N. Y. 468,

17 N. E. 350.  In the case cited the waiver was evidenced by both parties noticing the issues for trial at a special term, and it was held that the act of the defendant in so noticing the issues at a court of which a jury forms no part was inconsistent with any intent to take advantage of the right to a jury trial, and that by his notice the defendant must be held to have consented to a trial before the court, and without a jury.  In this case both parties noticed the cause for the October equity term, 1894, and when it was reached it was marked "Ready," and passed from day to day, being finally set down.for trial on October 25th, when it was marked off on defendants' motion for the illness of their attorney. An application for a jury trial, or the framing of issues for a jury, was made at the same term before the judge presiding in equity, and was denied.  The order denying such motion was entered by consent. In November defendants served a notice stating that their notice of trial for October equity term was withdrawn.  But this attempted withdrawal was ineffectual, having been given after the commencement of the term, and after the parties had appeared in court, and the cause had been marked "Ready."  The defendant plainly waived his right to a jury trial by noticing the cause for the equity term, and it was discretionary, therefore, with the court to deny the application for a trial of all or any of the issues by a jury.  The cause will go upon the equity calendar, and be tried by the court without a jury, unless the judge presiding shall deem it proper, in his discretion, to impanel a jury for the trial of the issues.  Should he determine, in his discretion, that such a course would be proper, the trial by jury may be had immediately before him, and plaintiff would.not be prejudiced by delay.  Although this order must be affirmed on the ground that a jury trial has been waived, and the order appealed from was discretionary with the court, it seems proper to express the foregoing views concerning the scope of this action, and the relief to which the plaintiff is entitled in it, for that question will come before the court, no matter how the action is tried.  It would seem that the fullest relief can be awarded the plaintiff under the pleadings, including all that he would obtain by the ordinary action of ejectment, if he succeeds in establishing his right to the deed from the sheriff.  Order appealed from affirmed, with costs and disbursements of appeal.  All concur.