(4 App. Div. 409.)

LOOMIS et al. v. DECKER et al.

(Supreme Court, Appellate Division, Third Department. April 27, 1896.)

ACTION—FORM OF—LEGAL OR EQUITABLE.

A complaint alleged that plaintiffs were the owners of certain land; that two of defendants conveyed the land to plaintiffs; that two other defendants were in the occupation of the land; that defendants are irresponsible and insolvent; and that a conspiracy existed between them all to wrongfully hold possession, so as to wrongfully cut and dispose

of the crops growing thereon. The prayer for judgment was that plaintiffs be awarded possession of the premises and damages for the withholding thereof, and for an injunction against the removal of the crops by defendants. *Held*, that such complaint asked for both legal and equitable relief, and was, therefore, triable as an equity cause without a jury.

Appeal from special term, Broome county.

Action by Albert C. Loomis and others against George Decker and others to recover possession of land and to enjoin. From an order striking the cause from the special term calendar, on the ground that the action is one of law and not in equity, defendant Decker appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

W. H. Cornwell (A. D. Wales, of counsel), for appellant.
Arthur More, for respondents.

HERRICK, J. The plaintiffs, in their complaint, allege that they are the owners of certain real estate, described in the complaint; that two of the defendants conveyed the same to them; that two others of the defendants are in the occupation of said premises; that the defendants are irresponsible and insolvent; and that a conspiracy exists between all the defendants to wrongfully hold and retain possession of the premises until the expiration of the season of 1895, so as to wrongfully cut and dispose of the grass, hay, and crops growing thereon,—and they ask for judgment for the possession of the premises, for damages for the withholding thereof, and for a temporary injunction restraining the defendants from cutting and taking the grass, hay, grain, and crops, during the pendency of this action, and for a permanent injunction restraining the defendants from the commission of such acts, alleging, also, irreparable damages, and that the plaintiffs have no adequate remedy at law. The defendant appellant, in his answer, among other things alleges that the plaintiffs have an adequate remedy at law to protect all their rights and interests involved in this action. An injunction pendente lite was obtained by the plaintiffs, whereby it was ordered that the defendants, and each of them, "be enjoined and restrained from preventing, hindering, delaying, or interfering in any manner with the plaintiffs in the cutting, harvesting, carrying away, or removing the grass, hay, grain, and crops now growing upon said premises." This practically put the plaintiffs in possession of the premises, and enabled them to harvest and carry away the crops thereon. The cause was noticed for trial, and placed upon the calendar of the special term for trial as an equity action. Upon motion of the plaintiffs' attorney, the special term granted an order striking the cause from the calendar of such court, upon the ground "that the same is an action at law, and not an action in equity," and from that order the defendant George Decker appeals to this court.

Ordinarily, the question as to whether a cause should be stricken from the calendar at any term of the court rests in the sound discretion of the justice holding such term, and his disposition of that question will not be disturbed upon appeal; but, if his disposition

of the cause proceeds upon a mistaken view as to the nature of the action, which will embarrass the parties, or may affect their legal rights upon the ultimate trial thereof, it then becomes a proper subject for review. The plaintiffs in this action are seeking both legal and equitable relief, and the full measure of relief prayed for by them in their complaint cannot be obtained except in a court of equity. The action is not merely an action of ejectment.· Only two of the defendants are alleged to be in possession of the premises. The other two defendants are not necessary defendants in an action of ejectment, they are made parties to the action, under the allegation that a conspiracy exists between all the defendants to wrongfully hold possession of the premises, so as to wrongfully obtain and dispose of, for their own benefit, all the grass, hay, and crops growing thereon. They are all alleged to be insolvent, and that the plaintiffs will be irreparably damaged if they are permitted to proceed, and that the plaintiffs have no adequate remedy at law, and they ask for an injunction. It is unnecessary, it seems to me, to enter into any discussion to show that these facts, together with the relief asked, makes the case one for a court of equity. It is unnecessary to cite authorities to show that the plaintiffs may properly demand both legal and equitable relief in the same action, and, where a "plaintiff brings an action for both legal and equitable relief in respect to the same cause of action, the case presented is not one of right, triable by jury under the constitution, and the plaintiff, by such election, submits to have the issues tried by the court, or by the court with the aid of a jury, as the court in its discretion may determine, according to the practice in equity cases." Cogswell v. Railroad Co., 105 N. Y. 319, 11 N. E. 518; Lynch v. Railroad Co., 129 N. Y. 274–288, 29 N.· E. 315. Whatever may be the rule where a defendant asserts, in his answer, that there is an adequate remedy at law, and that the plaintiff is not entitled to equitable relief, and demands, at the trial, that the action be tried as one at law and not in equity, is of no consequence upon this appeal. The plaintiffs, by the nature of the relief asked in their complaint, have waived all right to have their action tried as an action at law, and the defendant appellant has assented to and asks that the same be tried as an action in equity; and the plaintiffs, having sought equitable relief, and partially obtained it by their temporary injunction, cannot now, upon their own motion, against the protest of the defendant, remove it from an equitable to a legal forum.

The order should be reversed, with $10 costs and disbursements. All concur.