### BENNETT v. BOSCH et al.

(Supreme Court, Appellate Division, Second Department. February 11, 1898.)

RECOVERY OF REAL ESTATE—RIGHT TO JURY TRIAL.

  Plaintiff has a right to a jury trial·where the complaint alleges the death of L. intestate, leaving plaintiff one of her heirs, entitled to one-seventeenth of her real estate, and praying for recovery, and damages for detention, of an undivided one-seventeenth of land which L. attempted to deed and devise to defendant while of unsound mind, and incompetent to make deed or will, which defendant procured by fraud. The nature of the action is not changed by the further and unnecessary, if not improper, prayer for judgment, that the conveyances be declared invalid, and defendant barred from setting up her title.

Appeal from special term.

Action by Rebecca J. Bennett against Catharine M. Vonder Bosch and another. From an order striking the cause from the special term calendar, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Theodore H. Silkman, for appellants.
Robert L. Redfield, for respondent.

CULLEN, J. This action is brought to recover an undivided one-seventeenth part of certain real estate in Westchester county. The complaint sets forth that one Frances Lyons was seised in fee and possessed of the premises; that on the 28th day of January, 1897, she executed and delivered to the defendant Vonder Bosch what purported to be a conveyance of the same; that thereafter the said Frances Lyons made and executed a paper purporting to be her last will and testament, whereby she devised the same premises to said defendant; that on the 8th day of June, 1897, the said Frances Lyons died intestate, leaving this plaintiff one of her heirs at law, and entitled to one-

seventeenth of her real estate; that at the time of the execution of the said deed and will the said Frances Lyons was of unsound mind, and incompetent to make a deed or will; and that the same were procured by the fraud of the defendant. The plaintiff demands judgment that she be awarded an undivided one-seventeenth part of the premises, with damages for withholding the possession from her; that the pretended conveyance and alleged will be declared invalid, and be set aside and canceled of record; and that the defendant Vonder Bosch be barred from setting up title under the same.

The execution and validity of a will, so far as it purports to devise real estate, have always been the subject of legal cognizance in this state, and can be tested in an action of ejectment. Corley v. McElmeel, 49 N. Y. 228, 43 N. E. 628. The deceased is alleged to have been non compos. If such were the case, her deed was void in law, though it might be upheld in equity where it appeared that it was taken in good faith, for a valuable consideration, and without notice of the grantor's incapacity. Van Deusen v. Sweet, 51 N. Y. 378; Riggs v. Society, 84 N. Y. 330; Goodyear v. Adams (Sup.) 5 N. Y. Supp. 275. It is therefore plain that the plaintiff has the constitutional right to try the issues in this controversy before a jury in an action at law, unless she has waived it by asking in her demand for judgment that the pretended conveyance in the said alleged will be invalid and of no effect, and the same be set aside and canceled of record, and that the defendant Vonder Bosch be barred from setting up or asserting her pretended title. We think this should not be regarded as indicating an intention by the plaintiff to appeal to a court of equity. If the plaintiff succeeds in her action, the deed and will necessarily are of no effect; and it requires no judicial declaration on the subject, further than the judgment awarding the recovery of the premises, nor would it be necessary that the defendant should be enjoined from setting up her title. Judgment in this action would necessarily conclude her claims in any subsequent litigation. We think it would be going too far to hold that this unnecessary, and it may be improper, claim for judgment, should operate to change the nature and character of the plaintiff's action. The case is plainly to be distinguished from that of Loomis v. Decker, 4 App. Div. 409, 39 N. Y. Supp. 441.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.