REBECCA J. BENNETT, Respondent, *v.* CATHARINE M. VONDER BOSCH, Appellant, Impleaded with Another.

*Action of ejectment — not changed into an equitable one by a demand for unnecessary equitable relief.*

The complaint in an action alleged that a certain deed executed to, and a will made in favor of, one of the defendants were void because the grantor and testatrix was of unsound mind at the time of their execution, and was induced to execute them by the fraud of such defendant, and demanded that the plaintiff,

as heir at law of the grantor and testatrix, recover an undivided one-seventeenth part of the premises, with damages for the withholding thereof.

*Held,* that the action was one at law and was maintainable ;

That the fact that the plaintiff, in addition to the above relief, asked that the conveyance and will be declared invalid and of no effect, and that the same be set aside and canceled of record, and that the said defendant be barred from setting up or asserting her pretended title to the land, did not change the character of the action or indicate an intention on the part of the plaintiff to sue in equity, and thus waive her constitutional right to a trial of the issues in the action before a jury in a common-law action.

APPEAL by the defendant, Catharine M. Vonder Bosch, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 22d day of December, 1897, granting the plaintiff's motion to strike the action from the Special Term calendar.

*Theodore H. Silkman,* for the appellant.

*Robert L. Redfield,* for the respondent.

CULLEN, J. :

This action is brought to recover an undivided one-seventeenth part of certain real estate in Westchester county. The complaint sets forth that one Frances Lyons was seized in fee and possessed of the premises; that on the 28th day of January, 1897, she executed and delivered to the defendant Vonder Bosch what purported to be a conveyance of the same ; that thereafter the said Frances Lyons made and executed a paper purporting to be her last will and testament, whereby she devised the same premises to said defendant; that on the 8th day of June, 1897, the said Frances Lyons died intestate, leaving this plaintiff one of her heirs at law and entitled to one-seventeenth of her real estate ; that at the time of the execution of the said deed and will the said Frances Lyons was of unsound mind, incompetent to make a deed or will, and that the same were procured by the fraud of the defendant. The plaintiff demands judgment that she be awarded an undivided one-seventeenth part of the premises, with damages for withholding the possession from her ; that the pretended conveyance and alleged will be declared invalid and be set aside and canceled of record, and that the defendant Vonder Bosch be barred from setting up title under the same.

The execution and validity of a will, so far as it purports to devise real estate, have always been the subject of legal cognizance in this State, and can be tested in an action of ejectment. (*Corley* v. *McElmeel*, 149 N. Y. 228.) The deceased is alleged to have been *non compos*. If such were the case her deed was void in law, though it might be upheld in equity where it appeared that it was taken in good faith for a valuable consideration, and without notice of the grantor's incapacity. (*Van Deusen* v. *Sweet*, 51 N. Y. 378; *Riggs* v. *American Tract Society*, 84 id. 330; *Goodyear* v. *Adams*, 5 N. Y. Supp. 275.) It is, therefore, plain that the plaintiff has the constitutional right to try the issues in this controversy before a jury in an action at law, unless she has waived it by asking in her demand for judgment that the pretended conveyance and the said alleged will be declared invalid and of no effect, and that the same be set aside and canceled of record, and that the defendant Vonder Bosch be barred from setting up or asserting her pretended title. We think this should not be regarded as indicating an intention by the plaintiff to appeal to a court of equity. If the plaintiff succeeds in her action the deed and will necessarily are of no effect, and it requires no judicial declaration on the subject further than the judgment awarding the recovery of the premises. Nor would it be necessary that the defendant should be enjoined from setting up her title; judgment in this action would necessarily conclude her claims in any subsequent litigation. We think it would be going too far to hold that this unnecessary and it may be improper claim for judgment should operate to change the nature and character of the plaintiff's action. The case is plainly to be distinguished from that of *Loomis* v. *Decker* (4 App. Div. 409).

The order appealed from should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.