WOODWARD, GAYNOR and RICH, JJ., concurred; HIRSCHBERG, P. J., dissented.

Judgment and order reversed and new trial granted, costs to abide the event.

---

JACOB D. REMSEN, Appellant, *v.* THE NEW YORK, BROOKLYN AND MANHATTAN BEACH RAILWAY COMPANY and THE LONG ISLAND RAILROAD COMPANY, Respondents.

Second Department, March 9, 1906.

**Ejectment — when such action triable before jury although incidental equitable relief is demanded.**

A complaint which demands the recovery of possession of lands with an incidental request that the defendant railway in possession thereof be compelled to remove its tracks, and be enjoined from using the same, states a mere action for ejectment and should be tried before a jury. The fact that incidental equitable relief is asked does not deprive the defendant of its right to a jury trial as such relief would be given in the common-law action.

HOOKER, J., dissented, with opinion.

APPEAL by the plaintiff, Jacob D. Remsen, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 21st day of November, 1905, sending this action from the equity calendar to the jury calendar for trial.

The complaint alleges that the defendant is in possession of the land in question and that its railroad runs over it. In addition to being given possession of the land, the complaint prays for relief that the defendant remove its tracks and cease to run trains over the land. (For more complete exposition of the complaint, see dissenting opinion of HOOKER, J., *post.*)

*Hector M. Hitchings*, for the appellant.

*L. J. Carruthers* [*Joseph F. Keany* with him on the brief], for the respondents.

GAYNOR, J. :

This verbose complaint alleges nothing but a cause of action for the recovery of the possession of real property. That the defendant is a steam railroad company, and has tracks on it and runs trains of cars over it, does not make the suit one in equity. If the plaintiff recovers possession, and the defendant leaves its ties and rails after it, that presents no case calling for the assistance of a court of equity. The plaintiff's own hands will suffice. And it is to be presumed that when the plaintiff gets into possession by a common-law judgment the defendant will not run a train of cars over him or his property before he can pull up the ties and rails. If the defendant should be guilty of continuous trespass upon his property after he is given possession, which cannot be presumed, equity will give protection then.

And if there were some incidental equitable relief needed to supplement a common-law judgment for the plaintiff, that could not deprive the defendant of its right to trial by jury. The action would still be ejectment, and such incidental relief could be given by the court at the same time (*Davis* v. *Morris*, 36 N. Y. 569). The case of *Hahl* v. *Sugo* (169 N. Y. 109) is not to the contrary; it is nothing but an illustration of the old rule against the splitting of causes of action (*Bendernagle* v. *Cocks*, 19 Wend. 207). It does not decide anything about the right to a jury trial. It only holds that the plaintiff there had only one cause of action, *i. e.*, a common-law cause of action of ejectment in which some incidental equitable relief might be appropriate under our practice system, and not that he had two causes of action, *i. e.*, one at law and the other in equity. If it had held the latter, it could not have held that the plaintiff should have united the two causes in one action. No one is obliged to do that. The rule is only against splitting one cause of action.

The order should be affirmed.

WOODWARD and JENKS, JJ., concurred; HIRSCHBERG, P. J., concurred in result; HOOKER, J., read for reversal.

HOOKER, J. (dissenting):

The complaint herein alleges that the New York, Bay Ridge and Jamaica Railroad Company, the predecessor of the defendant, the New York, Brooklyn and Manhattan Beach Railway Company, went into possession of a piece of property some forty-four feet wide and over eighteen hundred feet long in 1877 under an oral license from plaintiff's father, and that the defendant, the Manhattan Beach Railway Company and its lessee, the Long Island Railroad Company, have continued in possession until the present time. The complaint also alleges ownership of the property by the plaintiff and revocation of the license and continued and wrongful possession by the defendants. It is also alleged that the plaintiff owns mortgages upon property adjoining the strip on which the railroad tracks still exist; that the defendants contemplate the erection of a viaduct thereon and that the plaintiff has no adequate remedy at law. The prayer for judgment is that the defendants surrender to the plaintiff the quiet and undisturbed use and possession of the strip of land; that they remove therefrom all tracks, ties, sleepers, fences and other appurtenances, and that they be enjoined and restrained from continuing in the use and occupation of the lands for a steam railroad or any other purpose hostile to the plaintiff's right of quiet and undisturbed possession.

The court below has held that this is an action at law to recover the possession of real property triable by a jury. The appellant insists that it is not an action in which a trial by jury is a matter of right. If the appellant is correct the order must be reversed and the case restored to the calendar of the Special Term for the trial of issues of fact.

The plaintiff claims a right to recover possession of his land. Were the lands not burdened by the tracks, ties and other appurtenances of the defendants, the railroad companies, a mere allegation of ownership by himself and wrongful possession by the defendants is all that would be required, and this would lead to a simple judgment for the recovery of the real property. The action would then be what is commonly known as an action of ejectment, and the sheriff under the execution would put the plaintiff in possession. The facts, however, are such that the plaintiff is justly warranted in alleging more. He says that the lands are burdened with

appurtenances incident to the construction and operation of a railroad, the fair inference being that it will not be practicable for him or the sheriff to remove them. He claims, inasmuch as the possession by the defendants is wrongful, that they should be required to surrender up the premises unburdened in that manner, and that the removal of the appurtenances should be by the defendants themselves, for without such removal there could be no real transfer of possession. His complaint alleges sufficient facts to justify equitable relief, and he is warranted in demanding relief that the defendants remove their tracks and appurtenances and be enjoined and restrained from continuing in the use and occupation of the land as and for steam railroad purposes. The action is, therefore, not a pure action for the recovery of real property, and hence triable by jury, but becomes an action in equity. (*Corning* v. *Troy Iron & Nail Factory*, 40 N. Y. 191; *Broiestedt* v. *South Side Railroad Co. of Long Island*, 55 id. 220; *Hahl* v. *Sugo*, 169 id. 109.)

The order should be reversed, with costs.

Order affirmed, with ten dollars costs and disbursements.