(173 App. Div. 693)

### WHITSON v. WHITSON.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

JURY ⬅14(2)—JURY TRIAL—MONEY DEMAND IN LEGAL ACTION.

    Under Code Civ. Proc. § 968, providing that an action in which the complaint demands judgment for a sum of money only must be tried before a jury, unless jury trial is waived, in an action by plaintiff to recover from her husband a sum of money as reimbursement for moneys necessarily expended by her for the support of herself and her children, no equitable relief being demanded or needed, plaintiff is entitled to a jury trial, unless waived.

    [Ed. Note.—For other cases, see Jury, Cent. Dig. § 67; Dec. Dig. ⬅14(2).]

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, New York County.

Action by Anna Whitson against John G. Whitson. From an order dismissing the case from the Trial Term calendar, and placing it upon the Special Term calendar for trial by the court without a jury, plaintiff appeals. Reversed, and cause restored to Trial Term calendar.

Argued before CLARKE, P. J.. and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Aaron Wm. Levy, of New York City, for appellant.
Walter E. Ernst, of New York City, for respondent.

SMITH, J. This action is brought by the plaintiff against her husband, from whom she lives apart, to recover a sum of money as reimbursement for moneys necessarily expended by her for the support of herself and her children. By section 968 of the Code of Civil Procedure it is provided that an action in which the complaint demands judgment for a sum of money only must be tried before a jury, unless a jury trial be waived.

In Boyd v. Boyd, 12 Misc. Rep. 119, 33 N. Y. Supp. 74, affirmed 146 N. Y. 403, 42 N. E. 542, an action was brought to recover possession of real property; the plaintiff's title being based upon equitable rights. It was held that this was an action in ejectment within section 968 of the Code, in which either party could demand a trial by jury, but that, while the right to trial by jury originally existed, such right had been waived by the plaintiff.

In O'Brien v. Fitzgerald, 143 N. Y. 381, 38 N. E. 371, the opinion in part reads:

"I think those courts are right in saying that the formal demand of relief with which the complaint concludes is not decisive of the legal or equitable character of the action. We so held in Bell v. Merrifield, 109 N. Y. 202 [16 N. E. 55, 4 Am. St. Rep. 436], saying that where an answer had been interposed, and facts were stated in a complaint which 'show that it is of an equitable nature, and that the cause of action is simply equitable, we do not think a case is made for trial by jury under the Code (section 968), merely because the complaint *improperly asks for a money judgment only.*' That language clearly and plainly implied that a demand of judgment for money only would stamp the action as one at law, unless the facts pleaded showed an equitable cause of action simply, and that the relief asked was therefore *improperly confined* to a money demand merely. In other words, our doctrine was that the demand of money only, on its face and primarily, characterized the action as one at law, but not so conclusively as to prevent a different result where the action was clearly equitable rather than legal in its nature, *and purely legal relief is improperly demanded.*"

At page 382 of 143 N. Y., at page 372 of 38 N. E., Judge Finch further says:

"Where the action is for the recovery of money only, it is classed as legal, and is triable by a jury."

These authorities would seem to indicate—and there are none to the contrary—that where a money judgment only is *properly* demanded the action is a legal action and triable by a jury. If, however, the money judgment cannot be rendered without the assistance of some equitable relief which the plaintiff requires, then the plaintiff is not

entitled to a jury trial, because he has only demanded part of the relief which he needs.

In the case at bar the only possible relief is a money judgment. The marriage did not have to be declared or annulled. Plaintiff's right of action is based upon a contract duly claimed to have been assumed by the husband upon his marriage. Within all of the authorities, where no equitable relief is demanded or needed, and a money judgment only is sought, the plaintiff is entitled to a trial by jury of the issues made by the pleadings.

The order should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, and the cause restored to the Trial Term calendar for trial upon a day to be fixed by the court. Order filed. All concur.