Judgment reversed and new trial ordered. Order to be settled on notice.

---

JOHN W. STORANDT, Appellant, v. MARY J. WAKELEE, Respondent.

Fourth Department, May 21, 1919.

Trial — jury trial not waived by noticing cause at Special Term — jurisdiction of Special Term to subsequently send such cause to Trial Term — action to determine claim to real property — allegation of equitable defense and request for equitable relief in connection with defense of legal ownership not a waiver of right to jury trial.

The noticing by both parties of a cause for trial at a Special Term as an equity action does not constitute an absolute waiver by the defendant of her right to a jury trial and the Special Term has authority in its discretion, even if there was such waiver, to send the case to a Trial Term.

In an action to determine a claim to real property, the defendant by coupling with the defense that she is the legal owner of said property an equitable defense and asking for equitable relief, does not deprive herself of the right to a jury trial.

FOOTE, J., dissented, with opinion.

APPEAL by the plaintiff, John W. Storandt, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 16th day of December, 1918, striking this cause from the trial calendar of the Monroe Equity Term on the ground that defendant is entitled to a jury trial.

*Frederick A. Mann,* for the appellant.

*John Van Voorhis' Sons* [*Eugene Van Voorhis* of counsel], for the respondent.

HUBBS, J.:

Both parties noticed this cause for trial at a Special Term as an equity action. Not having been disposed of at that term plaintiff noticed it for a subsequent Special Term. On the call of the calendar, defendant's counsel moved to strike the case from the calendar and send it to the Trial Term on the ground that defendant was entitled, as a matter of right, to a jury trial. That motion was granted and from the order entered thereon the plaintiff has appealed to this court.

The complaint states a cause of action to determine a claim to real property of which the plaintiff is in possession, claiming title in fee, and contains the essential allegations, including the prayer for judgment, required by section 1639 of the Code of Civil Procedure. The answer puts in issue the material allegations of the complaint and alleges that defendant is the legal owner; also that the defendant, by reason of the facts set out in the answer, is the equitable owner.

The plaintiff treated the answer as alleging a counterclaim, and served a reply. It is urged here that the defendant, by noticing the case for trial for the first Special Term at which it was upon the calendar, waived her right to a jury trial and that, having once waived such right, it could not be insisted upon at the next Special Term when the case was noticed for trial by the plaintiff only. We do not think that noticing the case for the first Special Term constituted an absolute waiver by the defendant of her right to a jury trial. Even though such act did constitute a waiver, we think the Special Term had authority, in its discretion, to excuse such waiver by the defendant and to send the case to a Trial Term to be tried

before a jury. When it made the order sending the case to the Trial Term, the Special Term exercised its discretion and excused the waiver, if there was one, and we do not feel that we should interfere with its action. (*Boyd* v. *Boyd,* 12 Misc. Rep. 123; affd., 146 N. Y. 403; 3 Cornell Quarterly, 305, 307.)

It is also urged by the appellant that the defendant, under her answer, is not entitled to a jury trial. The appellant concedes that, under section 1642 of the Code of Civil Procedure, if the answer had set up only the defense that the defendant was the legal owner of the property in question, she would be entitled to a jury trial if she had not waived it. (*Bennett* v. *Vonder Bosch,* 26 App. Div. 311.)

The appellant insists that the defendant, in her answer, has coupled with the defense that she is the legal owner of the property, an equitable defense, and asks for equitable relief, and that, by so doing, she has deprived herself of the right to a jury trial. We are unable to agree with such contention. Upon the facts set up in the answer, the defendant would have had the right to maintain an action in ejectment and, therefore, would have the right to a jury trial. The facts stated in the answer set up a cause of action in ejectment and not an equitable cause of action and, under such answer, the defendant is entitled to a jury trial. (*Boyd* v. *Boyd, supra; Bennett* v. *Vonder Bosch, supra; Remsen* v. *N. Y., B. & M. B. R. Co.,* 111 App. Div. 413.)

Upon the trial it may develop that the allegation, contained in the answer, that the defendant is the owner of the real estate in question, cannot be sustained. In such event, the trial justice could excuse the jury and try the case as an equity action or send it to a Special Term for trial.

The order should be affirmed, with costs.

All concurred, except Foote, J., who dissented, in an opinion.

Foote, J. (dissenting):

This cause was regularly upon the Special Term calendar for trial as an equity case. Upon motion of defendant's counsel it was ordered stricken from that calendar on the ground that defendant was entitled to a trial by jury " as a

matter of absolute right." This appears both from the recitals in the order then made which is the order appealed from and from the opinion of the justice presiding at that term.

The question of defendant's right to a jury trial as a matter of favor or in the discretion of the court was not considered and is not involved or even urged here.

Defendant in her answer makes two claims to the real property in question: *First*, that she is the owner in fee and that the deed which appears upon record by which she purports to have conveyed the property to plaintiff on or about May 18, 1915, is void. If she fails in this defense, then, *Second*, that on the same day said deed purports to have been made a land contract was executed between the parties by which an option was granted by plaintiff to defendant to purchase said premises on certain terms therein stated; that defendant accepted said option and that said contract has never been canceled or foreclosed and that by virtue thereof defendant is the owner of said premises subject to certain liens, etc.

The defense under the land contract is equitable in character. It is not a plea of title in fee. It concedes the fee to be in plaintiff and asserts the right to acquire it as purchaser. The relief, if any, must be specific performance of the contract. It asserts " an interest " but not " an estate " in the property, as those terms are used in section 1642 of the Code, and it is only where " an estate " is claimed that the action becomes by the terms of that section practically an action in ejectment.

Defendant has, therefore, joined both a legal and an equitable defense in the same answer. By so doing she has waived the statutory right to a jury trial of the legal defense which otherwise she would have had by the section of the Code above referred to. (*Cogswell* v. *N. Y., N. H. & H. R. R. Co.*, 105 N. Y. 319, and cases there cited.)

" A plaintiff who seeks legal and equitable relief in respect of the same wrong thereby waives his right to trial by jury." (*Di Menna* v. *Cooper & Evans Co.*, 220 N. Y. 392.) The same principle must apply to a defendant who, as in this case, seeks affirmative relief against the plaintiff of both a legal and equitable character in respect of the same piece of property.

It is still true that the other party is not thereby prejudiced in his legal or constitutional right to a jury trial, as was held in *Wheelock* v. *Lee* (74 N. Y. 495) and *Di Menna* v. *Cooper & Evans Co.* (*supra*).

I find nothing in *Boyd* v. *Boyd* (12 Misc. Rep. 119; affd., 146 N. Y. 403, without opinion) holding that a vendee in a land contract may enforce specific performance and obtain title by bringing an action in ejectment against the vendor in possession. Quite the contrary, as appears from the following statement from the opinion: " Nor is equitable jurisdiction, in actions in form or in substance for specific performance, or to set aside conveyances as between grantor and grantee, to be urged against this view. They were always of equitable cognizance. The right to recover here is based upon superior title, and whether it is to be established upon equitable grounds or not cannot affect defendants' right to a jury trial." The actual decision in that case was placed upon the ground that the defendants had waived their right to a jury trial by noticing the cause for trial at an Equity Term. The affirmance by the Court of Appeals may have been upon this ground, but if not, then it must have been upon the ground that defendant never had a right to a jury trial.

In view of the decision in *Moot* v. *Moot* (214 N. Y. 204) it may well be doubted whether the affirmance in *Boyd* v. *Boyd* was on the ground of waiver as held below. If not, then it must have been upon the other ground.

If defendant fails to establish upon the trial that her deed to plaintiff is void, then she can have no relief except under her land contract. Such relief must be limited to either money damages for breach of the contract or specific performance. She does not claim money damages nor allege a breach; hence, if she does not get specific performance she can get nothing, and having pleaded her land contract here, she would be barred by the judgment from maintaining any action thereon in the future. Her allegation that by virtue of the contract she " is the owner of the said premises " is not an allegation of fact but a conclusion of law and must mean that she is the equitable owner only, for she does not allege that she has ever received a deed under the land contract.

*Remsen* v. *N. Y., B. & M. B. R. Co.* (111 App. Div. 413)

was an action in ejectment to recover lands in possession of the defendant railway company and the complaint asked that in addition to recovering possession defendant be required to remove its railroad track. The court held that this latter demand was merely incidental and did not convert the action into one in equity.

*Bennett* v. *Vonder Bosch* (26 App. Div. 311) was an action in ejectment to recover an undivided interest in lands as heir-at-law of one Frances Lyons, on the ground that a deed from Frances Lyons to defendant and the will of Frances Lyons devising the same land to defendant were void because she was of unsound mind and the same were procured by fraud of the defendant. The plaintiff also asked that said deed and will be declared invalid and set aside and canceled of record and the defendant barred from setting up title under the same. The court held that these latter demands did not indicate an intention by the plaintiff to appeal to a court of equity; that if plaintiff recovered, the deed and will would necessarily be of no effect, and no judicial declaration would be necessary, and that it would be going too far to hold " that this unnecessary and it may be improper claim for judgment should operate to change the nature and character of the plaintiff's action."

Both of these cases are quite unlike the present and neither of them requires us to hold that defendant has not joined a purely equitable defense with her legal defense in this action.

I think it was error to strike this cause from the Special Term calendar on the ground that defendant had an absolute right to a jury trial, and that the order should be reversed, with ten dollars costs, and the case restored to the Special Term calendar, without prejudice, however, to a motion by defendant at Special Term, if so advised, to frame issues for trial by jury of the legal issues involved.

Order affirmed, with ten dollars costs and disbursements.