Lynn McDonald, Plaintiff, v. Elmer J. Skinner and Another, Defendants.

Supreme Court, Otsego County, March 10, 1925.

**Vendor and purchaser — specific performance — action by vendee to compel specific performance of land contract — complaint must allege no adequate remedy at law and that defendant has title to premises — complaint in action for breach of contract must allege damages — ejectment — complaint must allege legal title in plaintiff — complaint insufficient.**

A complaint in an action to compel specific performance of a land contract is insufficient which fails to allege that the plaintiff has no adequate remedy at law and that either the defendant has title to the property or that he can conform to a decree of specific performance.

Moreover, such a complaint is insufficient as an action to recover damages for a breach of the contract, since it fails to allege any damages arising from such breach.

The complaint does not set forth a cause of action in ejectment, since the plaintiff alleges only an equitable title, which is insufficient to support such an action.

Motion by defendants to dismiss complaint on ground that it does not state facts sufficient to constitute a cause of action.

*Clyde H. Proper [Leslie J. Waite of counsel], for the plaintiff.*

*Elmer R. Campbell, for the defendants.*

Rhodes, J.:

This is a motion to dismiss a complaint on the ground that it does not state facts sufficient to constitute a cause of action.

Plaintiff claims that the action is in equity, brought to compel specific performance of a land contract. Defendants insist that the action is at law and that the complaint sets forth only a cause of action for ejectment. The complaint alleges in substance that the defendant Skinner claimed to be the owner of the real property in question free and clear of all liens and incumbrances; that said Skinner entered into a contract with the plaintiff whereby he covenanted and agreed to convey the property to plaintiff upon the payment of the purchase price of $900, the payments to be made in installments; that plaintiff entered into and took possession of the premises under said agreement and ever since has been the lawful owner under said contract and entitled to possession of the premises and the rents thereof; that thereafter the said defendant Skinner entered into another contract in writing whereby he

35

covenanted to convey said premises to the defendant Crippen; that under the terms of said agreement between the defendants, the said Crippen entered into and took possession of said premises, and that the defendants entered into said premises and ousted plaintiff therefrom and ever since have unlawfully withheld the possession thereof from plaintiff; that plaintiff has demanded of defendants possession of said premises and has at all times been ready and willing to complete said agreement between plaintiff and defendant Skinner, and that he duly performed all of said conditions thereof on his part until ousted from possession.

The complaint can only be construed as an action in ejectment. The relief demanded is the possession of the premises with damages for withholding, and for such other and further relief as the plaintiff may be justly entitled to, and in such an action defendants are entitled to a jury trial. (*Storandt* v. *Wakelee,* 188 App. Div. 152.) The fact that incidental relief is demanded does not change the nature of the action from ejectment, nor deprive the defendants of the right to jury trial. (*Remsen* v. *New York, Brooklyn & Manhattan Beach R. Co.,* 111 App. Div. 413.) There is no allegation in the complaint that the plaintiff has no adequate remedy at law, and the facts as disclosed in the complaint indicate that the plaintiff has an adequate remedy at law for a breach of the contract. Furthermore, if the complaint could be construed as an action for specific performance, it does not allege either that the defendant was the owner of the property in question or that he could conform to a decree of specific performance. The failure of the complaint to make such allegations ousts the court of equitable jurisdiction. (*Hollander* v. *Lustik,* 79 Misc. 103.)

The complaint failing to set out a cause of action in equity, is also insufficient as an action to recover damages for a breach of the contract, because it fails to allege any damages resulting from such breach except such as may be inferred. It, therefore, must be construed as setting forth only a cause of action for ejectment. The complaint shows that the plaintiff has only an equitable title. An equitable title will not support an action in ejectment. There must be legal title. (*Kelsey* v. *McTigue,* 171 App. Div. 877, and cases there cited.)

The complaint should, therefore, be dismissed, with costs.