WILLIAM RUBIN and Another, Respondents, *v.* THE CITY OF SYRACUSE, Appellant.

Fourth Department, March 25, 1925.

Trial — jury trial — action under Real Property Law, §§ 502–504, to determine claim to real property — complaint alleges that plaintiffs are owners and in possession of real property and that defendant unlawfully claims title through transfer from State — complaint demands judgment for peaceable possession and injunction against defendant — answer contains denials and allegation of ownership of part of land and demands further relief — action is one to determine claim to real property — defendant is entitled to jury trial under Real Property Law, § 504, and Civil Practice Act, § 425 — defendant did not waive right by placing case on Special Term calendar.

An action in which the complaint alleges that the plaintiffs are the owners and in possession of certain real property, that the State sold part of the land to the defendant and that the defendant claims to own the land and threatens to eject the plaintiffs therefrom, and demands peaceable possession of the premises and that the defendant be enjoined and restrained from entering thereon, is an action under sections 502–504 of the Real Property Law to determine a claim to real property and not an action of ejectment.

But the defendant is entitled to a jury trial under section 425 of the Civil Practice Act, since the answer contains not only denials but alleges ownership of a

portion of the land and demands not only the dismissal of the complaint but further relief, for it is provided in section 504 of the Real Property Law that the subsequent proceedings where the defendant demands more than the dismissal of the complaint are the same as in an action of ejectment.

The defendant did not waive its right to a jury trial by noticing the cause for the Special Term.

Appeal by the defendant, The City of Syracuse, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Onondaga on the 21st day of November, 1924, denying defendant's motion to strike the case from the Special Term calendar upon the ground that the defendant was entitled as a matter of right to a jury trial.

*Frank J. Cregg, Corporation Counsel,* and *William B. Mangin, Assistant Corporation Counsel* [*Henry E. Wilson* of counsel], for the appellant.

*Harold Fredman* [*William Rubin* of counsel], for the respondents.

Per Curiam:·
After issue joined in this action both parties placed it upon the Special Term (or Equity) calendar for trial. Thereafter the defendant, appellant, moved to strike the cause from said calendar, upon the ground that defendant was entitled to a jury trial as a matter of right. The motion was denied, and this appeal results.

The complaint, speaking generally, alleges that the plaintiffs are the owners and in possession of certain real estate in Syracuse; that the State sold part of said lands to defendant; that at that time the State had no title, and that, therefore, the transfer was and is void; that the claim of title on the part of the State and the assertion thereof by the defendant incumbers the rights and title of the plaintiffs and interferes with their ownership and enjoyment thereof and is a cloud upon plaintiffs' property right therein and is confiscatory thereof without lawful right or authority; that defendant threatens to eject plaintiffs from a portion of the premises, and has used and filled up portions thereof. Plaintiffs demand peaceable possession of the premises without let or hindrance by the defendant; that defendant be enjoined and restrained from entering upon said premises or interfering with plaintiffs' ownership and property rights, and that any structure unlawfully interfering with plaintiffs' rights and privileges and any deposits made by defendant upon said premises, be removed. It seems that this pleading inaugurates an action to compel the determination of a claim to real property, rather than an action of ejectment.

. However, the answer not only contains denials, but alleges ownership of a portion of said lands in defendant; and not only a

dismissal of the complaint, but other and further relief is prayed for.

Sections 502, 503 and 504 of the Real Property Law (as added by Laws of 1920, chap. 930), which revised sections 1640, 1641 and 1642 of the Code of Civil Procedure, deal with actions for the determination of claims to real property. These sections specify that in such an action the defendant not only may claim its own possession of the real property, but may set forth facts showing that it has an estate in the property, or in a part thereof, adverse to the plaintiff; and where an issue of fact is joined in such an action, unless defendant merely demands the dismissal of the complaint, that the subsequent proceedings, including the trial, judgment and execution, are the same as if it were an action of ejectment. Therefore, the defendant is entitled to a jury trial. (Civ. Prac. Act, § 425.)

The appellant did not waive its right to a jury trial by noticing the cause for the Special Term. (*Storandt* v. *Wakelee*, 188 App. Div. 152; *Alfred University* v. *Frace*, 193 id. 279.)

The order should be reversed, with ten dollars costs and disbursements.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted.